IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 2:15-CR-236 |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1030 |
| BENNITO ROEL VAN LEEUWAARDE, | ) | 18 U.S.C. § 1832 |
| | ) | 18 U.S.C. § 1834 |
| | ) | 18 U.S.C. § 2323 |
| | ) | 18 U.S.C. § 1030 (i) |
| | ) | 18 U.S.C. § 1030(j) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982 (a)(2)(B) |
| | ) | 28 U.S.C. § 2461(c) |

<u>Allegations Common to All Counts</u>

THE GRAND JURY CHARGES THAT, AT ALL TIMES RELEVANT:

1. Volkswagen AG (VW) was a German corporation engaged in, among other things, the manufacture and sale of motor vehicles including Volkswagen, Audi, Porsche, Bentley and Bugatti. VW had subsidiary corporations doing business in other countries, including Volkswagen Group of America and Volkswagen de Mexico.

2. Robert Bosch GmbH (Bosch) was a German corporation engaged in, among other things, the manufacture and sale of motor vehicle parts and software.

3. Electronic Control Units (ECUs) are computers built into automobiles that control their operations. Bosch manufactures ECUs for VW.

Count 1: Conspiracy

THE GRAND JURY CHARGES:

4. Between 2011 and until on or about the date of this Indictment, in the District of South Carolina and elsewhere, the defendants, BENNITO ROEL VAN LEEUWAARDE, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ knowingly and willfully did combine, conspire, agree and have a tacit understanding with other persons, known and unknown to the grand jury:

   a. To intentionally access a protected computer without authorization and in excess of authorized access and to obtain information with a value of more than $5,000 from that protected computer for purposes of commercial advantage and private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i) and (iii); and

   b. To steal and without authorization to appropriate, copy, transmit, convey, receive, buy and possess trade secrets, related to products and services used and intended for use in interstate and foreign commerce, with intent to convert the trade secrets to the economic benefit of anyone other than the owner of the trade secret, and intending and knowing that the offense will injure the owner, in violation Title 18, United States Code, Section 1832(a).

Object of the Conspiracy

5. It was the object of the conspiracy to obtain trade secrets and other proprietary information belonging to Volkswagen and Bosch and their subsidiaries by either hacking

2

into their computer networks or obtaining the information from insiders working for Volkswagen and Bosch. The target information related to Electronic Control Units (ECUs). The information sought would enable others to program aftermarket ECUs in order to modify the performance of the vehicles.

Manner and Means

6. The manner and means by which VAN LEEUWAARDE, ▇▇▇▇▇, and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

    a. Co-conspirators employed by or working with VW and Bosch, ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, would transmit to VAN LEEUWAARDE proprietary information, including computer files containing extensive information about the configuration and operation of ECUs.

    c. VAN LEEUWAARDE would attempt to hire hackers to gain unauthorized access to the computer networks of VW and Bosch for the purpose of obtaining trade secrets and other proprietary information.

    d. ▇▇▇▇▇ would assist VAN LEEUWAARDE in obtaining information about VW Mexico's computer network for the purpose of facilitating the hackers' attempts to gain unauthorized access.

Overt Acts in Furtherance of the Conspiracy

7. In furtherance of the conspiracy and to effect its objects, the following acts were committed in the District of South Carolina and elsewhere:

a. In approximately October 2011, an unindicted co-conspirator in Germany provided VAN LEEUWAARDE with more than a terabyte of inside information belonging to Bosch, including internal, confidential development data; software; corresponding documentation and analysis; internal price calculations, and internal correspondence of Bosch.

b. On or about August 8, 2013, ▓▓▓▓ sent an email to VAN LEEUWAARDE to which were attached misappropriated computer files relating to ECUs.

c. On or about August 19, 2013, ▓▓▓▓ sent an email to VAN LEEUWAARDE to which were attached misappropriated computer files relating to ECUs.

d. On or about August 22, 2013, ▓▓▓▓ uploaded misappropriated computer files relating to ECUs to cloud storage so that the files could be downloaded by VAN LEEUWAARDE.

e. On or about September 20, October 17, November 12, and December 2, 2013, and January 11 and 30, 2014, VAN LEEUWAARDE sent emails to an individual in Charleston, South Carolina for the purpose of arranging a meeting to plot a scheme to hack into the computer networks of VW de Mexico.

f. On or about October 22, 2013, VAN LEEUWAARDE met with an individual in Columbia, South Carolina for the purpose of plotting to hack into the computer networks of VW de Mexico.

4

g. On or about November 13, 2013, VAN LEEUWAARDE met with an individual in Columbia, South Carolina for the purpose of plotting to hack into the computer networks of VW de Mexico. During this meeting, VAN LEEUWAARDE provided the individual with approximately 125 gigabytes of data that had been misappropriated and provided to VAN LEEUWAARDE by the German co-conspirator described above.

h. On or about November 15, 2013, an individual in Charleston, South Carolina, sent an email to VAN LEEUWAARDE providing a list of network tools that could be used to facilitate a hack into the computer networks of Volkswagen de Mexico.

i. On or about November 20, 2013, ▇ sent an email to VAN LEEUWAARDE to which were attached misappropriated computer files relating to ECUs.

j. On or about November 21, 2013, an individual in Charleston, South Carolina, sent an email to VAN LEEUWAARDE with information about the computer networks of Volkswagen de Mexico.

k. In December 2013, ▇ executed several network tools from his computer at Volkswagen de Mexico, collected information about the networks, and sent emails with the information to VAN LEEUWAARDE, who in turn emailed the information to an individual in Charleston, South Carolina.

5

l. On or about December 4, 2013, VAN LEEUWAARDE attempted by email communications to hire a hacker for the purpose of gaining unauthorized access to VW or Bosch computer networks.

m. On or about December 6, 2013, ▮▮▮▮ sent an email to VAN LEEUWAARDE to which were attached misappropriated computer files relating to ECUs.

n. On or about December 11, 2013, VAN LEEUWAARDE met with an individual in Columbia, South Carolina for the purpose of plotting to hack into the computer networks of VW Mexico. During this meeting, VAN LEEUWAARDE paid the individual $2,000 in cash.

o. On or about January 15, 2014, ▮▮▮▮ uploaded misappropriated computer files relating to ECUs to cloud storage so that the files could be downloaded by VAN LEEUWAARDE.

p. On or about January 28, 2014, ▮▮▮▮ sent an email to VAN LEEUWAARDE to which were attached misappropriated computer files relating to ECUs.

q. On or about February 25, 2014, ▮▮▮▮ sent four emails to RIVERA to which were attached misappropriated computer files relating to ECUs.

r. On or about March 5, 2014, VAN LEEUWAARDE met with an individual in Columbia, South Carolina for the purpose of plotting to hack into the computer networks of VW Mexico.

6

s. On or about April 4, 2014, ▮▮▮▮▮ uploaded misappropriated computer files relating to ECUs to cloud storage so that the files could be downloaded by VAN LEEUWAARDE.

t. On or about April 19 and 20, 2014, VAN LEEUWAARDE exchanged emails with an individual for the purpose of hiring a hacker or hackers to gain unauthorized access to VW or Bosch computer networks.

u. On or about September 1, 2014, ▮▮▮▮▮ sent an email to VAN LEEUWAARDE to which were attached misappropriated computer files relating to ECUs.

All in violation of Title 18, United States Code, Section 371.

Count 2: Attempt to Gain Unauthorized Access to a Protected Computer

THE GRAND JURY FURTHER CHARGES:

8. From on or about August 2013 until on or about the date of this Indictment, in the District of South Carolina and elsewhere, the defendant, BENNITO ROEL VAN LEEUWAARDE knowingly and intentionally did attempt to access a protected computer without authorization and in excess of authorized access and to obtain information with a value of more than $5,000 from that protected computer for purposes of commercial advantage and private financial gain,

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (b), and (c)(2)(B)(i) and (iii).

Count 3: Possession and Delivery of Trade Secrets

THE GRAND JURY FURTHER CHARGES:

9.      On or about November 13, 2013, in the District of South Carolina and elsewhere, the defendant, BENNITO ROEL VAN LEEUWAARDE knowingly and without authorization did possess, deliver and convey trade secrets related to products and services used and intended for use in interstate and foreign commerce, knowing the information was obtained and converted without authorization, with intent to convert the trade secrets to the economic benefit of anyone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner, in that he did deliver to another a hard drive containing Bosch trade secrets.

All in violation Title 18, United States Code, Section 1832(a).

8

FORFEITURE

1.  Upon conviction for violations of Title 18, United States Code, Sections 371, as charged in this Indictment, the Defendants, BENNITO ROEL VAN LEEUWAARDE, ███████████████████████████████████████████████, shall forfeit to the United States any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offense, and property, real or personal, which constitutes or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation, and any property traceable to such property.

2.  Upon conviction for violations of Title 18, United States Code, Sections 1030 and 1832, as charged in the Indictment, the Defendant, BENNITO ROEL VAN LEEUWAARDE, shall forfeit to the United States any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offense, and property, real or personal, which constitutes or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation, and any property traceable to such property.

3.  Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i) and (j), 2323 1834, and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the violation charged in this Indictment includes, but is not limited to, the following:

Proceeds/ Money Judgment:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in the Indictment, that is a minimum of approximately of $1,000,000.00 in United States currency, and all interest and proceeds traceable thereto, for which the Defendants are jointly and severally liable.

3. If any of the property described above, as a result of any act or omission of the Defendants:

(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third party;
(3) has been placed beyond the jurisdiction of the Court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendants up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i) and (j), 1834, 2323, and 28 U.S.C. § 2461(c).

A \_\_true\_\_ BILL

_____
WILLIAM N. NETTLES (EJK)
UNITED STATES ATTORNEY

10